7874

## WOODWARD v. SOUTHERN RY.

1. RAILROAD—ROUNDHOUSE—WILFULNESS—MASTER AND SERVANT—SAFE PLACE.—Evidence tending to show a railroad company so maintained its roundhouse that the space between a large engine moving into the roundhouse and the posts was about three inches; that the distance had not been increased for a number of years while the size of engines have increased; that posts had been knocked out before; that a supporting post would be broken if struck by an engine driven with care, warrants the jury in inferring the master recklessly disregarded its duty to furnish the servant a safe place to work.

2. IBID.—IBID.—That it was customary in the railroad shops for engines to be driven between the supporting posts of the roundhouse is not prejudicial but favorable to appellant.

3. EVIDENCE—COMPROMISE.—Information as to a party's condition obtained while making a physical examination during negotiations for a compromise is not admissible.

Before MEMMINGER, J., Richland, December, 1909. Affirmed.

Action by Allen Woodward against Southern Railway. Defendant appeals.

Mr. E. M. Thomson, for appellant, cites: *Defendant's duty to furnish only reasonably safe place:* 51 S. C. 306. *Evidence as to wife and children of servant is only admissible where punitive damages are proved:* 39 S. C. 168; 53 S. C. 258; 60 S. C. 14; 102 U. S. 460; 20 A. & E. R. Cas. (N. S.) 632; 85 Am. St. R. 835. *Evidence of Dr. McIntosh should have been admitted:* 82 S. C. 467; 16 Cyc. 948; 28 Fed. Cas. No. 16503; 8 Cyc. 541; 10 Ency. 112; 23 Ency. 85. *Opinion is not admissible to show custom:* 3 Ency. 959; 68 S. E. 432.

Messrs. *Hunter A. Gibbes* and *W. Boyd Evans,* contra.

April 24, 1911. The opinion of the Court was delivered by

MR. JUSTICE WOODS.    On 4th November, 1908, a section of the roundhouse of the Southern Railway Company at Columbia fell and injured the plaintiff, Allen Woodward, one of the company's employees.    Under a complaint alleging that the injury was caused by the negligence, recklessness and wilfulness of the railroad company, the plaintiff recovered judgment for eight hundred and fifty dollars, and the defendant appeals.

The first question to be decided is whether there was error in refusing the motion for nonsuit as to the cause of action for punitive damages, made on the ground that there was no evidence of wilfulness or wantonness on the part of the defendant.    There was no dispute as to the immediate cause of the accident and the injury.    A spring of one of defendant's large locomotives was broken and a hostler was backing it into the roundhouse for repairs. The broken spring caused the engine to careen a little to one side, so that it struck and broke one of the posts supporting the roof, and a section of the roof fell, striking and injuring the plaintiff.    The evidence on the part of the plaintiff was to the effect that the space between a large engine moving into the roundhouse and the posts was about three inches, that the space had not been increased since 1873, when the engines were much smaller, that posts had been knocked out by engines before this accident, and that a supporting post would be broken if struck by an engine, even if driven with care.    This evidence would certainly warrant the jury in inferring that the defendant could not fail to know that its employees were subjected to great peril by reason of the lack of adequate space between the posts and moving engines, and that thus it recklessly disregarded its duty to provide the plaintiff with a reasonably safe place to work. The motion for nonsuit as to the cause of action for punitive damages was properly refused.

This conclusion disposes of the first exception, for it was conceded by counsel for appellant that the evidence referred

to in that exception was admissible in an action for punitive damages.

The third exception assigns error in the Court's refusal to strike out the words "I suppose," which appear in the testimony of B. D. Hughes in the following extract from the record: "You were then foreman over all of them? Yes, sir; I gave Green orders what to do, but I did not at that time personally—I sent him word; I did not see him myself. Did he, in accordance with the word you sent, go to do this work? I suppose— Mr. Thomson: We object The Court: Don't state anything except of your own knowledge. Mr. Thomson: I move to strike it out. The Court: Let the jury draw the inference." Counsel for appellant has not indicated in his argument how this expression of the witness was material, and a careful examination of the record does not enable us to discern how it could have been of the least consequence. But, aside from that, the Court did exclude the testimony by refusing to allow the witness to say what it was that he supposed.

The exception to the admission of the testimony of the witness, Hughes, that the custom in defendant's shop was to use care in driving engines between the posts, must also be overruled, for the statement was favorable to the defendant, as indicating customary care in the management of its engines, and it had no tendency to prove that the driver was negligent on this occasion.

The testimony of Dr. McIntosh was not admissible. There was evidence that plaintiff's counsel and an agent for defendant entered into negotiations looking to a compromise settlement of plaintiff's claim. In the course of these negotiations, and in furtherance of them, it was agreed that Dr. McIntosh should make an examination of plaintiff to ascertain the extent of his injuries. Evidence of disclosures made by either party to the other, directly or indirectly, in negotiations for a compro-

mise, not being admissible, testimony of Dr. McIntosh as to the examination was properly excluded.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.